IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK JOSEPH CONLEY,

    Plaintiff,

v.

JOHN J. McCARTHY, *State's Attorney for Montgomery County, et al.*,

    Defendants.

Civil Action No.: 23-cv-3366-LKG

Dated: March 5, 2024

**MEMORANDUM OPINION**

On December 12, 2023, Plaintiff Patrick Joseph Conley filed this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. Although Conley has paid the civil filing fee, the undersigned finds that it would be a waste of judicial and other resources to proceed with the claims simply because Conley has paid the requisite filing fee. Moreover, Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties, or otherwise, that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Conley brings this case against Montgomery County State's Attorney John J. McCarthy, Montgomery County Assistant State's Attorneys Kathy Knight and Ann Harrington, and Karen A. Bushell, Clerk of the Circuit Court for Montgomery County. ECF No. 1 at 2-3.

Conley claims that his 1987 conviction was improper. Specifically he alleges that:

1. I plead guilty to possession of a deadly weapon only 'open wear & carry' in previous hearing Judge Accepted Plea.
2. During trial was the first time I had heard the charges Deadly/Weapon Consealed [sic].
3. I was not given any time to study the charges or statements in order challenge 'consealed' [sic] and had I been given reasonable time to study the claim I would have challenged the statement.
4. Being found guilty for open wear and carry After the hearing was over, I went to the probation Dept. per Judge Mitchell for a PSI report. Ann Harrington was there with others and a document saying I was found guilty of "Intent to injure another individual." I balked at the insinuation and would not sign it. I was told if I did not sign the document I would go to jail that day and to hurry up or she

would get the Sheriff. Under stress, duress & threat I signed the document. Statement had never been read out in court as to this charge. . . .

*Id*. at 4.

Conley seeks to "have the charges vacated in their entirety due to the egregious behavior and false allegations that are unfounded, and the withholding of evidence in this case and dismissed with prejudice." *Id*. at 5.

"Under the *Rooker-Feldman*[1] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *American Reliable Ins.*, 336 F.3d at 391.

To the extent Conley seeks this Court's intervention in his state criminal proceedings, this Court may not do so. The *Younger*[2] abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)). If Conley believes his constitutional rights have been violated in the state criminal proceedings, he may raise those claims in the state court.

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

Lastly, Conley is advised that this Court has no mandamus authority over state courts. To the extent Conley is seeking mandamus relief in connection with orders entered by the State court, there is an additional bar to such relief. This Court has no jurisdiction to issue a writ of mandamus commanding a State court to enter an order. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), *see also* 28 U.S.C. § 1361.

Thus, Conley's Complaint must be dismissed without prejudice and without reaching the merits of his claims. A separate Order follows.

March 5, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge